# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:19-CV-00166-LLK

**DEBORAH K. COATES**                                                           **PLAINTIFF**

**v.**

**ANDREW SAUL, Commissioner of Social Security**                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for social security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets Number ("DN") 11 and 16. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 9].

Plaintiff's sole argument is that the Administrative Law Judge's ("ALJ's") finding that she has a residual functional capacity ("RFC") for light work is not supported by substantial evidence. [DN 11 at 2-8 referencing DN 8-2, Administrative Record ("AR") at 21]. Because the argument is unpersuasive, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

## Discussion

In January 2016, John Harris, M.D., examined Plaintiff at the request of the Commissioner. [DN 8-7, AR at 389-94]. In his narrative report, Dr. Harris opined, among other things, that Plaintiff "is unlikely to have difficulty performing basic work activities such as sitting, but may have some difficulty standing and lifting or carrying objects." *Id.* at 392. In June and October of 2016, in light of Dr. Harris's findings and the record as a whole, the Commissioner's non-examining program physicians found that Plaintiff has an RFC for light work. [DN 8-3, AR at 72-74, 88-90]. Light work requires, among other things,

standing/walking 6 hours per 8-hour workday (with sitting during the remaining 2 hours).  Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5-6.

The ALJ found Dr. Harris's statement "regarding [Plaintiff's] difficulty with standing, lifting, or carrying objects" to be "vague" because it "failed to specify the extent to which [Plaintiff] was limited and therefore was of limited probative value in assessing her [RFC]."  [DN 8-2, AR at 25].  The ALJ gave "some weight" to the RFC assessments of the program physicians and found that Plaintiff has an RFC for light work.  Id. at 21, 23-24.

Plaintiff argues that Dr. Harris's statement regarding her "difficulty" with standing, walking, and carrying renders the ALJ's finding that she has an RFC for light work unsupported by substantial evidence.  [DN 11 at 4].  The argument is unpersuasive for two reasons.

First, the ALJ did not err in preferring the unambiguous RFC assessments of the program physicians to Dr. Harris's vague statement regarding Plaintiff's difficulty standing, walking, and carrying.  This is because the RFC assessments took into account Dr. Harris's findings and the other medical evidence as a whole and because program physicians are "highly qualified physicians ... who are also experts in Social Security disability evaluation."  20 C.F.R. § 404.1527(e)(2)(i) (effective Aug. 24, 2012 to Mar. 26, 2017); see also Lucido v. Comm'r of Soc. Sec., 121 F. App'x 619, 622 (6th Cir. 2005) ("[T]he reviewing physicians ... have the strongest claims to neutrality.")

Second, even if the ALJ erred in finding that Plaintiff has an RFC for light work, the error was harmless.  This is because the ALJ's finding that Plaintiff has an RFC for light work was not essential to the ALJ's ultimate conclusion of lack of disability.  The ALJ concluded that Plaintiff is not disabled because she retains the ability to perform her "past relevant work as a sewing machine operator, secretary, and scale clerk."  Id. at 27.  While the sewing machine operator and scale clerk jobs were classified as light, the secretary job was sedentary.  Id.  In finding that Plaintiff has an RFC for light work, the ALJ implicitly found she also can perform sedentary work.  See 20 C.F.R. § 404.1567(b) ("If someone can do light work, we

determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.").  Plaintiff has neither alleged nor proven that she cannot perform her past relevant work as a sedentary secretary.

The harmless error here is analogous to that in *Amburgey v. Comm'r*, 751 F. App'x 851 (6th Cir. 2018).  Like Plaintiff, Amburgey argued that the ALJ erred in finding that she has an RFC for light work. The Sixth Circuit held the error was, at worst, harmless because the ALJ found Amburgey was not disabled because she retained the ability to perform her past relevant work, which was light, and, alternatively, that she retained the ability to perform a significant number of sedentary jobs in the national economy:

> Plaintiff contends that substantial evidence does not support the ALJ's determination that she could perform light work ….  But whether Plaintiff is capable of performing light work is not central to the question of whether she is disabled.  The ALJ determined that, based on her limitations, Plaintiff could perform her past relevant work and other sedentary jobs.  Plaintiff is not disabled due to a physical disability if substantial evidence supports either one of these findings.  … In that case, the ALJ's finding that Plaintiff could perform light work, even if not supported by substantial evidence, would constitute "harmless error" and would not warrant reversal.

*Id.* at 863-64.

### Order

Therefore, the final decision of the Commissioner is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

July 7, 2020

Lanny King, Magistrate Judge
United States District Court